**CHEVRON U.S.A., INC., et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

Nos. 350–87L, 352–87L, 353–87L 384–87L, 391–87L, 409–87L 554–87L and 679–87L.

United States Claims Court.

Aug. 12, 1991.

J. Berry St. John, Jr., New Orleans, La., with whom Thomas J. Eastment, Washington, D.C., for plaintiffs.

Margaret M. Sweeney, Washington, D.C., with whom was Asst. Atty. Gen. Richard B. Stewart, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

On January 16, 1991, the United States Court of Appeals for the Federal Circuit reversed and remanded the judgment of

this court in *Chevron U.S.A., Inc. v. United States*, 17 Cl.Ct. 537 (1989). *See Chevron U.S.A., Inc. v. United States*, 923 F.2d 830 (Fed.Cir.1991). The facts of that case are set out in detail there, and will not be repeated except as necessary. In its decision, the Court of Appeals held that, under 43 U.S.C. § 1339(a), the accrual date of plaintiffs' refund claims for overpaid gas royalties was the date of the overpayment, and any demand for refund of the overpayment must have been made within two years of the date of the payment to withstand the limitation period. That opinion reversed this court's Order stating that the date of accrual of plaintiffs' claims was the date the United States Court of Appeals for the District of Columbia Circuit decided *Interstate Natural Gas Association of America v. Federal Energy Regulatory Commission*, 716 F.2d 1 (1983) (*INGAA*), which vacated the regulation that improperly required the overpayment. However, the Federal Circuit noted that plaintiffs may have tolled that two year time limitation for requesting a refund if any of them had notified the Department of Interior Minerals Management Service (MMS), within the two year period, of their intent to seek a refund.

The Federal Circuit remanded the case to this court with instructions to dismiss plaintiffs' complaints unless any plaintiff(s) met the notice requirement. For the reasons stated below, the court dismisses plaintiffs' complaints.

## DISCUSSION

Plaintiffs candidly admitted that "no plaintiff filed a specific notice of intent to seek a refund within two years of its payment," but argued that "the Court of Appeals' decision left it for this court to decide whether *actual* notice to the agency is sufficient to satisfy" § 1339(a). (emphasis in original.) Plaintiffs maintained that the Federal Circuit's failure to address the "ac-

tual notice" issue, even though plaintiff presented that argument on appeal, did not mean that it was foreclosed. Plaintiffs claimed that MMS had "actual notice" plaintiffs would seek a refund on August 9, 1983, the date of the *INGAA* decision.

Defendant argued that only written, not actual, notice is sufficient to toll the limitations period, claiming that if the Federal Circuit believed plaintiffs' argument to be meritorious, it would have ruled in plaintiffs' favor on those grounds. Defendant claimed that although the Federal Circuit did not specifically reject the "actual notice" argument, that does not mean the argument still is viable.

Plaintiffs are correct that the Federal Circuit did not reject outright the "actual notice" argument. However, the precedent the Federal Circuit cited regarding notice requirements, and the language of the opinion itself, leads this court to the inexorable conclusion that plaintiffs' argument must fail.

The Federal Circuit pointed to portions of four separate documents from which this court was to ascertain the notice requirements plaintiffs were obligated to meet; those portions require written notice in order to toll the two year limitations period. *See* Final Order on Royalty Refund Requests Resulting from FERC Orders 93/93A, 49 Fed.Reg. 47120, Nov. 30, 1984 (Final Order); Opinion, Decision of the Department of the Interior, 88 I.D. 1090, 1102 (Dec. 15, 1981); *Shell Offshore, Inc.*, 96 I.B.L.A. 149, 173–74 (1987); and *Shell Offshore, Inc. v. F.E.R.C.*, 858 F.2d 1147, 1153 (5th Cir.1988).[1] Quoting the Final Order, the Federal Circuit noted that, although § 1339(a) requires producers to file for refunds within two years, MMS has "made an exception for those lessees who *filed* 'proper notice with MMS which tolled the 2–year statute.'" *Chevron U.S.A., Inc.*, 923 F.2d at 833 (emphasis supplied). The

---

**1.** The court notes that the Fifth Circuit and I.B.L.A. opinions permitted similarly situated producers to satisfy the notice requirement with less than written notice because of special circumstances. However, the portions of those opinions endorsed by the Federal Circuit spoke

only of written notice. That fact, coupled with the specific language of the Federal Circuit's remand opinion requiring an affirmative act by plaintiffs, leads this court to the conclusion it reaches herein.

court next pointed to an opinion of the United States Department of Interior Solicitor, indicating that it set out "procedures permitting producers to toll the two-year limitation by giving notice to the Secretary of an intent to seek a refund. *Id.* at 834. The Solicitor's opinion, in turn, specifically states that:

> The two-year limit still applies from the date of payment; but the lessee can interrupt the period *by notifying the Department in writing* of the challenge and of the approximate difference in the price should the challenge succeed. Here the statute is tolled when the Department receives the notice, and it resumes when the final agency or judicial decision is issued.

Opinion, Decisions of the Department of the Interior, 88 I.D. at 1102 (emphasis supplied).

The Federal Circuit additionally cited a Fifth Circuit case which stated that:

> "[a]ny current inability of these petitioners to obtain repayment is due to their own failure to take foreseeable and necessary procedural steps in order to protect their ability under [§ 1339(a)] to obtain refunds from MMS." ... The petitioners, who knew or should have known of a potential refund obligation and failed or chose not to take the simple step of filing a request to obtain potential repayment, must accept the adverse consequences of that decision.
>
> Petitioners also assert that, even if they are held to have known of the high possibility of a refund obligation arising, they should be absolved of the requirement to file notice because they were confused about the proper construction to be given [§ 1339(a)] and the procedure for filing a contingent refund request. This court greets such assertions, made by highly sophisticated industry participants, with skepticism. But, even if these assertions are believed, the reasonable and prudent course in the face of such confusion would be for petitioners to protect their rights by filing notice, even if uncertain whether the notice is necessary.

*Shell Offshore, Inc.,* 858 F.2d at 1152 (quoting *Pogo Producing Co., et al.,* 39 FERC §§ 62,233, 63,542 n. 55).

In addition to citing precedent geared towards written notice, the language the Federal Circuit used forecloses the "actual notice" argument. The Federal Circuit determined that producers could protect their interests by "giving notice to the Secretary of an intent to seek a refund[,]" and that "the producers could have satisfied § 1339(a)'s two-year bar by simply notifying MMS." *Chevron U.S.A., Inc.,* 923 F.2d at 834. This language contemplates an affirmative act by plaintiffs; it does not leave room for this court to consider whether or not the Secretary became aware, through other channels, of potential refund claims by unknown producers.

In the face of these clear directives, the court cannot accept plaintiffs' argument that the Federal Circuit left open the question of whether or not "actual notice" can toll the two year limitations period. The cases plaintiffs cite allowed tolling of the limitations period absent precise written notice, but are inapplicable for two reasons. First, the "sufficient notice" in those cases amounted to significantly more than mere awareness that, should the D.C. Circuit invalidate the regulation, unidentified producers might seek refunds. *See Union Oil Co. of Calif.,* MMS–86–0497–OCS (1990); *Exxon Co., U.S.A.,* MMS–85–0049–OCS (1986). More importantly, this court is governed by the decisions and directives of the Federal Circuit, not MMS. Where, as here, the Federal Circuit's instructions to this court stress written notice, and plaintiffs have admitted that they did not file notice of intent to seek refunds, this court, regrettably, cannot let them proceed. Therefore, the court hereby vacates the judgments entered in favor of plaintiffs on December 5, 1989, and August 20, 1990. The Clerk of the court is directed to enter judgment dismissing all plaintiffs' complaints. No costs.

IT IS SO ORDERED.